ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

October 2, 2007

The Honorable Charlie F. Howard
Chair, Committee on Local and
   Consent Calendars
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0574

Re: School district responsibilities under section 25.0951(a) of the Texas Education Code (RQ-0584-GA)

Dear Representative Howard:

You ask two questions about a school district's responsibility to file a complaint for failure to attend school under section 25.0951(a) of the Texas Education Code.[1] *See* TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon 2006), *amended by* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Sess. Law Serv. 2277, 2291 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)); Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Sess. Law Serv. 3463, 3463 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)).

A child between the ages of six and eighteen generally must attend school "each school day for the entire period the program of instruction is provided." TEX. EDUC. CODE ANN. § 25.085(a)–(b) (Vernon 2006). A child who is required to attend school commits an offense if, without a legitimate excuse, he or she "fails to attend school on 10 or more days or parts of days within a six-month period in the same school year or on three or more days or parts of days within a four-week period." *Id.* § 25.094(a); *see also id.* § 25.087 (establishing guidelines for excused absences). Under section 25.0951, a school district must initiate legal action against a child or the parent of a child who fails to comply with the statutory school-attendance requirements. *See id.* § 25.0951. In the following excerpt from section 25.0951, relevant legislative amendments to section 25.0951 adopted during the 2007 legislative session are indicated:

> (a) If a student fails to attend school without excuse on 10 or more days or parts of days within a six-month period in the same school year, a school district shall within 10 [seven] school days of the student's 10th [last] absence:

---

[1]*See* Letter from Honorable Charlie F. Howard, Chair, Committee on Local and Consent Calendars, Texas House of Representatives, to Honorable Greg Abbott, Attorney General of Texas, at 1 (Apr. 19, 2007) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

　　　　　　(1)　file a complaint against the student or the student's parent or both in a county, justice, or municipal court for an offense under Section 25.093 ["Parent Contributing to Nonattendance"] or 25.094 ["Failure to Attend School"], as appropriate, or refer the student to a juvenile court in a county with a population of less than 100,000 for conduct that violates Section 25.094; or

　　　　　　(2)　refer the student to a juvenile court for conduct indicating a need for supervision . . . .

　　. . . .

　　　　　　(d)　A court shall dismiss a complaint or referral made by a school district under this section that is not made in compliance with this section.

*Id.* § 25.0951(a), (d), *amended by* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Sess. Law Serv. 2277, 2291 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)); Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Sess. Law Serv. 3463, 3463 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)); *see also id.* § 25.0951(c) (defining "parent").

In 2006 this office interpreted section 25.0951 as it was written at that time. *See generally* Tex. Att'y Gen. Op. No. GA-0417 (2006). In that opinion, GA-0417, this office determined that section 25.0951(a) requires a school district to file a complaint or referral[2] within seven days of the student's tenth unexcused absence. *See id.* at 5. Failure to do so, the opinion concluded, "inevitably leads to the complaint's or referral's dismissal." *Id.* Moreover, if a complaint is dismissed as untimely, subsection (a) prohibits a school district from refiling the exact same complaint based upon the same ten unexcused absences—but "[i]f the student has failed to attend school without excuse since the original complaint was filed," the school district must file a new complaint "that lists the latest absence as well as some or all of the absences listed in the original complaint" within seven school days of the latest absence. *Id.* at 6. Thus, each subsequent absence that occurs within a six-month period of the same school year renews the seven-day period within which the school district may file a timely complaint. *See id.*

You now ask whether "a school district's failure to file a truancy complaint . . . under § 25.095[1](a) . . . within the seven[-]day period after the tenth unexcused absence affect[s] in any way its ability to file a complaint . . . against the same student based on a subsequent absence, assuming that the most recent ten absences are within a sixth-month period." Request Letter, *supra* note 1, at 1. Nothing in the statute forbids a school district from filing a new complaint listing some of the absences listed in the dismissed complaint in addition to a new, subsequent tenth unexcused

---

[2]Throughout the remainder of this opinion, we will use the term "complaint" to encompass both a complaint filed in a county, justice, or municipal court under section 25.0951(a)(1) and a referral to juvenile court made under section 25.0951(a)(2).

absence, so long as all the absences have occurred within a six-month period of the same school year. *See* Tex. Att'y Gen. Op. No. GA-0417 (2006) at 6; *see also* TEX. EDUC. CODE ANN. § 25.0951(a) (Vernon 2006), *amended by* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Sess. Law Serv. 2277, 2291 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)); Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Sess. Law Serv. 3463, 3463 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)).

A recent legislative amendment to section 25.0951(a) supersedes a portion of GA-0417's conclusion. Under the amendment, a school district must file the complaint within ten, not seven, school days.[3] *See* Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Sess. Law Serv. 3463, 3463 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)). A second amendment, changing the word "last" to "10th," codifies that portion of GA-0417 concluding that a school district must file a complaint after the student's tenth absence. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Sess. Law Serv. 2277, 2291 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)); House Comm. on Juvenile Justice & Family Issues, Bill Analysis, Tex. Comm. Substitute H.B. 2884, 80th Leg., R.S., § 24 (2007). As the second amendment makes clear, a student's tenth unexcused absence triggers the school district's responsibility to file a complaint. *See* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Sess. Law Serv. 2277, 2291 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)). *See generally* TEX. GOV'T CODE ANN. § 311.025(b) (Vernon 2005) (directing that multiple amendments to the same statute enacted at the same legislative session should be harmonized if possible to effectuate each). Otherwise, GA-0417's construction of section 25.0951(a) is unaffected.

You also ask whether a school district that fails to file a timely complaint under section 25.0951(a) suffers any penalty under the Education Code other than the dismissal of the complaint under section 25.0951(d). *See* Request Letter, *supra* note 1, at 1; *see* TEX. EDUC. CODE ANN. § 25.0951(a), (d) (Vernon 2006), *amended by* Act of May 25, 2007, 80th Leg., R.S., ch. 908, § 31, 2007 Tex. Sess. Law Serv. 2277, 2291 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)); Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 1, 2007 Tex. Sess. Law Serv. 2271, 2291 (Vernon) (to be codified at TEX. EDUC. CODE ANN. § 25.0951(a)). We find no other penalties in the Education Code.

---

[3]The bill amending section 25.0951(a) to increase the filing period from seven to ten school days became effective immediately. *See* Act of May 23, 2007, 80th Leg., R.S., ch. 984, § 2 [Tex. S.B.1161]; *see also* H.J. of Tex., 80th Leg., R.S. 5268–69 (2007) (recording a vote of 144-0 in favor of passage on the bill's third reading); S.J. of Tex., 80th Leg., R.S. 986–87 (2007) (recording a vote of 30-0 in favor of passage on the bill's third reading).

## S U M M A R Y

Under section 25.0951(a) of the Education Code, a school district must file a complaint or referral against a student who has accumulated ten or more unexcused absences within a six-month period in the same school year within ten school days of the student's tenth absence.  Failure to file within the requisite time will lead to dismissal of the complaint or referral, but the school district may file a new complaint, listing some of the same absences as well as a subsequent tenth unexcused absence, within ten school days of the tenth absence listed in the complaint or referral.  To the extent Attorney General Opinion GA-0417 construes section 25.0951(a) to require filing a complaint or referral within seven school days, it has been superseded by amendments to the statute.

Other than requiring a court to dismiss the complaint or referral, the Education Code imposes no penalties on a school district that fails to file a complaint or referral within ten school days of the student's tenth unexcused absence.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee